```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**ELZIE C. GOODWIN, JR.,**

                         Petitioner,

            v.                             CASE NO. 08-3055-SAC

**DAVID MCKUNE,**

                         Respondent.

## O R D E R

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The court has considered petitioner's limited financial resources and grants petitioner leave to proceed in this matter under 28 U.S.C. § 1915.

Petitioner alleges error in the sentence imposed in his 1996 state court conviction on the charge of aggravated robbery. Having reviewed the record, the court finds the petition is subject to being dismissed as time barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA) enacted on April 24, 1996, imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of this one year limitation period is subject to tolling if the petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

In the present case, petitioner did not file an appeal from his

conviction on his February 1996 plea to the single charge of aggravated robbery.  Because it appears his conviction became final prior to the enactment of AEDPA, plaintiff had until April 24, 1997, to seek federal habeas corpus review or to toll the running of the AEDPA limitation period by filing a post-conviction action in the state courts.  *See* Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(petitioner had one year from April 24, 1996 to file habeas petition for pre-AEDPA conviction).  Petitioner did neither within that one year period.  Although petitioner filed motions in the state courts in 2002 and 2006 to correct the illegal sentence he claimed was imposed in his case, with the denial of relief on his second state court motion becoming final on December 18, 2007, these state court actions had no tolling effect on the already expired limitation period.  *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

The record thus makes clear that petitioner did not file the instant habeas application within the one year period provided under 28 U.S.C. § 2244(d)(1) and (2), and no "rare and exceptional" circumstances are apparent that would warrant equitable tolling of the limitation period in this case.  *See* Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.")(internal quotations omitted).

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed as time barred.  *See* Day v.

Case 5:08-cv-03055-SAC   Document 4   Filed 02/20/08   Page 3 of 3

McDonough, 547 U.S. 198, 209-11 (2006)(district courts are permitted to sua sponte consider the timeliness of a state prisoner's habeas petition, but must accord the petitioner fair notice and an opportunity to present his position).

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 20th day of February 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3